UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN FORRESTER,            ) | CASE NO. C04-1814-TSZ-MAT |
|                  Plaintiff,          ) | |
|       v.                                 ) | REPORT AND RECOMMENDATION |
| DR. BRENNAN, et al.,          ) | |
|                  Defendants.       ) | |

INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff is a state prisoner who is currently incarcerated at the Special Offender Unit at the Monroe Correctional Complex ("MCC"). He brings this civil rights action under 42 U.S.C. § 1983 to allege that defendants prescribed him a drug which caused him to enter into a deep depression and to self-mutilate. Plaintiff identifies as defendants in this action the Washington Department of Corrections, Dr. Jon Berner, and Dr. Rolf Kolden. Defendants now move for summary judgment. Plaintiff opposes defendants' motion. This Court, having reviewed defendants' motion, and the balance of the record, concludes that defendants' motion should be granted and this action should be dismissed with prejudice.

DISCUSSION

Plaintiff does not specifically allege in his complaint the violation of any federal constitutional right. However, the facts alleged by plaintiff implicate his right under the Eighth

Amendment to be free of cruel and unusual punishment. Plaintiff asserts in his complaint that he was prescribed the drug Neurontin by defendants Berner and Kolden to treat his anti-depression and migraine headaches and that, after taking this drug for a period of time, he suffered a complete mental breakdown, went into a deep depression, and mutilated himself. (*See* Dkt. No. 8 at 3.)

Defendants Berner and Kolden are both psychiatrists who treated plaintiff at MCC. (*See* Dkt. No. 18, Exs. 2 and 3.) Each has submitted a declaration in support of defendants' motion for summary judgment. (*Id*.) In their declarations, defendants describe Neurontin as an anti-convulsant drug which has shown benefits as a pain reliever and as a mood stabilizer for individuals suffering from anxiety or depression. (*Id*.) Defendant Berner states in his declaration that he originally prescribed Neurontin for plaintiff in September 2000 to address plaintiff's migraine headaches and his periods of depression. (*Id*., Ex. 2 at 2.) According to defendant Berner, plaintiff responded well to the drug and reported no adverse effects. (*Id*.) Both defendants report that plaintiff continued on Neurontin until May 2001 when he had improved enough that he was able to discontinue using the drug. (*Id*., Exs. 2 and 3.) Plaintiff had also improved enough at that time that he was able to transfer from the Special Offender Unit at MCC, which houses mentally ill inmates, to the Twin Rivers Unit at MCC, which houses general population inmates. (*Id*.)

Defendant Kolden states in his declaration that plaintiff remained off Neurontin until September 17, 2001, when he asked that he be re-started on the drug due to anxiety he was suffering over not yet having a prison job at the Twin Rivers Unit. (*Id*., Ex. 3 at 3.) According to defendant Kolden, plaintiff experienced another depressive episode a short time later because of an incident involving his cellmate, and he was transferred back to the Special Offender Unit. (*Id*.) Despite the fact that plaintiff denied any intent to harm himself, he was placed on suicide watch because he had a history of self-harm. (Dkt. No. 18, Ex. 3 at 3.) On October 4, 2001, plaintiff was permitted to shower and shave under the supervision of corrections staff. (*Id*.) While in the shower, plaintiff managed to break up the razor given to him by corrections staff and to cut

off his penis and scrotum. (*Id.*)  Plaintiff attributes his self-mutilation to the Neurontin.

## Summary Judgment

Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, there exists "no genuine issue as to any material fact" such that "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  A material fact is a fact relevant to the outcome of the pending action. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Genuine issues of material fact are those for which the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." *Id.*

In response to a properly supported summary judgment motion, the nonmoving party may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts demonstrating a genuine issue of fact for trial and produce evidence sufficient to establish the existence of the elements essential to his case. *See* Fed. R. Civ. P. 56(e).  A mere scintilla of evidence is insufficient to create a factual dispute. *See Anderson*, 477 U.S. at 252.

## Res Judicata

Defendants first argue in their summary judgment motion that plaintiff's complaint is barred by res judicata.  In support of this contention, defendants direct the Court's attention to a previously filed action, *Forrester v. Berner*, C02-822R, in which plaintiff alleged that various members of the medical staff and the corrections staff at the Monroe Correctional Complex engaged in conduct which violated his Eighth Amendment rights.  (*See* Dkt. No. 18, Ex. 4.) Specifically, plaintiff alleged in that action that medical personnel placed him on suicide watch, medicated him, and then prematurely removed him from suicide watch and placed him on intensive watch. (*Id.*)  Plaintiff further alleged in case C02-822R that while on intensive watch, he cut off his penis and scrotum when corrections personnel failed to observe him closely enough after permitting him to shower and shave. (Dkt. No. 18, Ex. 4.)

The incident which gave rise to plaintiff's Eighth Amendment claims in cause number C02-822R is the same act of self-mutilation which gives rise to the claims asserted in the instant action.

01 Defendants therefore contend that plaintiff could have brought his claims regarding Neurontin
02 before the Court in the cause of action just described and that the doctrine of res judicata therefore
03 bars those claims here.
04  To bar a later suit under the doctrine of *res judicata*, a former adjudication must

(1) involve the same "claim" as the later suit, (2) have reached a final judgment on the merits, and (3) involve the same parties or their privies.

*Nordhorn v. Ladish Co., Inc.*, 9 F.3d 1402, 1404 (9th Cir. 1993).

The Ninth Circuit has established the following criteria for determining whether or not two claims are the same for purposes of *res judicata*:

(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Nordhorn v. Ladish Co., Inc.*, 9 F.3d at 1405 (citing *Costantini v. Trans World Airline*, 681 F.2d 1199, 1201-02 (9th Cir. 1982)).

Defendants argue that all of the elements of the test set forth above are present here and that the final judgment entered in C02-822R would be impaired if plaintiff's claims are allowed to go forward. The issue presented for review in the instant action is a very narrow one, *i.e.*, whether defendants violated plaintiff's Eighth Amendment right to be free from cruel and unusual punishment when they prescribed the drug Neurontin. This is the first time plaintiff has attempted to litigate this specific issue. While it is perhaps true that plaintiff could have raised his claims concerning Neurontin in case C02-822R, this Court is not persuaded that the doctrine of res judicata properly applies in the circumstances of this case.

In case C02-822R, the defendants moved to dismiss the action on the grounds that plaintiff failed to exhaust his administrative remedies under 42 U.S.C. § 1997e(a) and, in the alternative, on the grounds that plaintiff failed to state a claim upon which relief could be granted. (*See* Dkt. No. 18, Ex. 4.) Defendants' motion to dismiss was granted, without prejudice, as to the medical

personnel for failure to exhaust administrative remedies. (*See* Dkt. No. 18, Ex. 4.) The motion was granted, with prejudice, as to the corrections personnel for failure to state a claim upon which relief could be granted. (*See id.*)

Because the court, in the previous action, never considered the merits of plaintiff's medical care claims and, in fact, considered only the merits of plaintiff's failure to protect claim, the judgment entered in cause number C02-822R will not be impaired if the instant claims are permitted to go forward. This Court will therefore consider the merits of those claims.

<u>Eighth Amendment Claim</u>

Defendants next argue that plaintiff has failed to state a claim upon which relief may be granted. Plaintiff alleges that defendants, by prescribing the drug Neurontin, caused him to castrate himself. The sole issue before this Court at the present time is whether Dr. Berner and Dr. Kolden violated plaintiff's Eighth Amendment rights when they prescribed the drug Neurontin for him.

The Eighth Amendment imposes a duty upon prison officials to provide humane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). This duty includes ensuring that inmates receive adequate food, clothing, shelter, and medical care, and taking reasonable measures to guarantee the safety of inmates. *Id.* In order to establish an Eighth Amendment violation, a prisoner must satisfy a two-part test containing both an objective and a subjective component. The Eighth Amendment standard requires proof that (1) the alleged wrongdoing was objectively "harmful enough" to establish a constitutional violation; and (2) the prison official acted with a sufficiently culpable state of mind. *Id.* at 834.

The objective component of an Eighth Amendment claim is "contextual and responsive to 'contemporary standards of decency'" *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)(quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). The state of mind requirement under the subjective component of the Eighth Amendment standard has been defined as "deliberate indifference" to an inmate's health or safety. *Farmer v. Brennan*, 511 U.S. at 834. Under the "deliberate

indifference" standard, a prison official cannot be found liable for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety. *Id*. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*.

Defendants assert in their motion for summary judgment that they took appropriate actions to treat plaintiff's mental health issues and that plaintiff has offered no evidence that they knew of, and disregarded, an excessive risk to plaintiff's safety. The record supports defendants' assertions.

The declarations of defendants Berner and Kolden refute plaintiff's assertion that the Neurontin prescribed by defendants caused him to self-mutilate. Defendants indicate that not only was the drug generally considered a safe drug with no significant side effects, plaintiff had responded positively to the drug in the past. Even assuming, as plaintiff asserts, that he had a negative reaction to the drug when it was prescribed for him a second time, plaintiff offers no evidence demonstrating that defendants should have anticipated such a negative reaction. The record is devoid of any evidence that defendants knew of, and disregarded a known risk to plaintiff's health or safety when they prescribed Neurontin to treat plaintiff's pain and mental health issues. Accordingly, defendants are entitled to summary judgment in this action.

## CONCLUSION

For the reasons set forth above, this Court recommends that defendants' motion for summary judgment be granted and that this action be dismissed with prejudice. A proposed order accompanies this Report and Recommendation.

DATED this  2nd  day of September, 2005.

                                             /s/ Mary Alice Theiler
                                             Mary Alice Theiler
                                             United States Magistrate Judge